UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

William E. Queen, et. al.,
    Plaintiffs

vs

Timothy L. Logan, Sr., et. al.,
    Defendants

Case No. C-1-05-529
(Hogan, M.J.)

**ORDER**

This matter is before the Court on the Motion in Limine of Defendant Timothy L. Logan Sr., to Exclude Evidence of Plaintiff's Gross Medical Expenses, or in the Alternative, to Exclude Gross Medical Costs (Doc. 29), Plaintiff William Queen's Memorandum Contra to Defendant Timothy L. Logan, Sr.'s Motion in Limine Exclude Evidence of Plaintiff's Gross Medical Costs (Doc. 49), and Defendant's Reply thereto (Doc . 46).

Defendant seeks to prevent Plaintiff from introducing evidence of Plaintiff's gross medical expenses as an element of his damages. Plaintiff argues that, because some or all of the gross amount of Plaintiff's medical expenses allegedly incurred as a result of the subject accident were paid by Plaintiff's insurance carrier, Blue Cross/Blue Shield, Plaintiff is not entitled to claim the gross medical expenses at the trial of this matter. *See Zaso v. De Cola*, 51 N.e.2d 654 (Ohio Ct. App. Feb. 8, 1943). Plaintiff contends that under the collateral source rule, his recovery, if any, cannot be reduced by payments or benefits from other sources. *See Robinson v. Bates*, 828 N.E.2d 657 (Ohio Ct. App. April 22, 2005). For the reasons which follow, we find that Plaintiff is entitled to seek recovery of the reasonable and necessary medical expenses arising from the subject injury regardless of whether paid by Plaintiff or Plaintiff's insurance carrier.

Under Ohio law, it is well settled that, in a personal injury action, an injured

party is entitled to recover the reasonable and necessary medical expenses arising from the injury. *Wagner v. McDaniels*, 459 N.E.2d 561 (Ohio 1984); *see also Robinson*, 828 N.E.2d at 665; *Gustin v. Chaney*, No. 05CA7, 2006 WL 552565 at *3 (Ohio Ct. App. March 2, 2006). Ohio Revised Code § 2317.421 provides that,

> In an action for damages arising from personal injury . . ., a written bill or statement, or any relevant portion thereof, itemized by date, type of service rendered, and charge, shall, if otherwise admissible, be prima facie evidence of the reasonableness of any charges and fees.

The Ohio Supreme Court has held that "[p]roof of the amount paid or the amount of the bill rendered and of the nature of the services performed constitutes prima facie evidence of the necessity and reasonableness of the charges for medical and hospital services. *Wagner*, 459 N.E.2d at 676. Of course, the defendant is free to rebut the prima facie evidence of necessity and reasonableness. However, Defendant has not argued for the exclusion of said evidence due to lack of necessity or unreasonableness. Defendant merely objects to the admission of such evidence because Plaintiff was not the entity which paid the bills. Defendant does not, however, offer the Court any authority supporting such a position. The authority cited by Defendant does nothing to support his argument. Indeed, *Zaso v. DeCola*, is factually distinguishable from the present case in that the issue before the Court was whether the plaintiff was a guest passenger or an invitee of Defendant.[1] We fail to see anything in the holding of *Zaso* which refutes the long standing law in Ohio that Plaintiff is entitled to recover for those medical expenses arising as a result of the subject accident which were paid for by his insurance carrier.

Defendant argues in the alternative that Plaintiff should only be permitted to introduce evidence of the discounted amounts actually paid by him. However, again, Defendant offers no authority supporting such argument. Defendant notes only that the decision of the appellate court in *Robinson* is under appeal to the Ohio Supreme Court. As the court's holding in *Robinson* has not yet been reversed, it is still currently good law. *Robinson* presented precisely the same issue which

---

[1] The Court held that, in order for the plaintiff, as a guest passenger, to recover from defendant on a personal injury claim, defendant would have to be found liable for wilful or wanton misconduct. However, in order for the plaintiff to recover as an invitee, defendant must be found liable for negligence. 51 N.E.2d at 301-302.

Defendant now presents to this Court. The court in *Robinson* thoroughly scrutinized the question of whether a personal injury plaintiff is entitled to seek recovery for the amount billed for medical care or only the amount negotiated and paid by the insurance carrier. The court stated, "[t]he touchstone of the plaintiff's recovery is the reasonable *value* of the services rendered, not the actual charge or the cost incurred for those services." 828 N.E.2d at 665. The court noted that the amount actually paid for medical services does not alone determine the reasonable value of those medical services. *Id*. (quoting *Haselden v. Davis*, 579 S.E.2d 293 (S.C. 2003)).

According to the Second Restatement of Torts, "it is the tortfeasor's responsibility to compensate for all harm that he causes, not confined to the net loss that the injured party receives." RESTATEMENT OF THE LAW 2d, Torts (1979), Section 920A, Comment *b*. Through a detailed analysis, the court agreed with the majority of jurisdictions which hold that a plaintiff's recovery is not limited to the amount paid by his insurance. *Robinson* 828 N.E.2d at 664-689. In holding that the collateral source rule applies to any written-off amount agreed to by a plaintiff's healthcare provider and insurer, the *Robinson* court opined that "[u]nder the public policy purposes of the collateral source rule, defendants should be liable for the full amount of damages caused by their wrongdoing, independent of the financial situation of their victims." We cannot find fault with such reasoning and therefore find that Defendant's motion should be denied.

## IT IS THEREFORE ORDERED THAT

1) The Motion in Limine of Defendant Timothy L. Logan Sr., to Exclude Evidence of Plaintiff's Gross Medical Expenses, or in the Alternative, to Exclude Gross Medical Costs (Doc. 29) be DENIED.

SO ORDERED.


Date:  12/18/2006              s/Timothy S. Hogan
                               Timothy S. Hogan
                               United States Magistrate Judge


J:\SMITHLE\Other civil\Queen\limine.medcosts.wpd