# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

William E. Queen, et. al.,
    Plaintiffs

  vs                                                     Case No. C-1-05-529
                                                         (Hogan, M.J.)

Timothy L. Logan, Sr., et. al.,
    Defendants

## ORDER

      This matter is before the Court on the Motion in Limine of Defendant Timothy L. Logan Sr., to Exclude Evidence of Plaintiffs' Gross Lost Wages (Doc. 34), Plaintiff William Queen's Memorandum Contra to Defendant Timothy L. Logan, Sr.'s Motion in Limine Exclude Evidence of Plaintiffs' Gross Lost Wages (Doc. 49), and Defendant's Reply thereto (Doc . 45).  Also before the Court is Plaintiff's Motion in Limine to Prohibit Reference to Collateral Source Payments (Doc. 43), to which Defendant has filed no response.

      Defendant seeks to prevent Plaintiffs from introducing evidence of Plaintiff's gross lost wages that were covered by Plaintiff's sick pay benefits through his employer, A.K. Steel, and/or Social Security.  Plaintiff argues that, because some or all of Plaintiff's alleged lost wages allegedly incurred as a result of the subject accident were paid or will be paid by A.K. Steel or Social Security, Plaintiff is not entitled to claim the gross lost wages at the trial of this matter.  Plaintiff contends that under the collateral source rule, his recovery, if any, cannot be reduced by payments or benefits from other sources.  *See Robinson v. Bates*, 828 N.E.2d 657 (Ohio Ct. App. April 22, 2005).  For the reasons which follow, we find that Plaintiff is entitled to seek recovery of the "lost"  wages which were covered by his sick pay benefits through A.K. Steel and/or Social Security.

Under Ohio law, it is a general rule that the measure of damages in a tort action is that which will make the plaintiff whole. *Pryor v. Webber*, 263 N.E.2d 235, 238 (Ohio 1970). The collateral source rule is the recognized exception to this general rule. *Id.* Under this rule, the receipt of collateral benefits is deemed irrelevant and immaterial on the issue of damages such that the benefits are not to be deducted from the amount of damages awarded. Moreover, the receipt of such benefits is not to be admitted in evidence, or otherwise disclosed to the jury. *Id.* at 239. The collateral source rule covers several types of collateral benefits, "including workers' compensation, gratuitous or contractual payment of back wages, employer disability programs, insurance proceeds, Social Security, Medicare payments, other reimbursed medical expenses, and gratuitous physician's fees." *Sorrell v. Thevenir*, 633 N.E.2d 504 (Ohio 1994)(citing *Pryor*, 263 N.E.2d at 238-39). Defendant, without citation to any supporting authority, argues that "established Ohio law supports the exclusion of such evidence." (Doc. 45, at 2). However, the only evidence of this "established Ohio law" offered by Defendant is Ohio Jury Instruction ("O.J.I.") § 23.57(2). O.J.I. § 23.57(2) specifically references those instances where recovery is sought from more than one *defendant*.[1] This instruction has no relevance with respect to the collateral source rule. Indeed, the comment to said instruction specifically states that "[t]his instruction should be used when the jury is aware that one or more defendants have settled with plaintiff." 1 O.J.I. § 23.57, Comment (2002).

While the term "lost wages" may be a misnomer, it is clear that unless the "wage" paid by A.K. Steel constitutes a direct benefit for work performed by Plaintiff, such wages are collateral benefits for which Plaintiff can seek recovery.

---

[1] 1 O.J.I. § 23.57(1) provides that "[i]rrespective of the number of wrongdoers (defendants), . . ., the plaintiff may only receive full compensation once for the same injury." . § 23.57(2) states that:

> In the event you find for the plaintiff, the defendant is entitled to a credit of $. . . . previously received by the plaintiff from . . . . . . . If you find for the plaintiff, you will determine the extent of the plaintiff's damage. You will determine the full amount which the evidence shows he is justly entitled to receive. From this you will deduct $. . . . . . . which plaintiff previously received and insert the difference in your verdict. (If you find that plaintiff was damaged to the extent of $. . . . . or less, plaintiff has been fully compensated and in that event you must return a verdict for the defendant.).

*Pryor*, 263 N.E.2d at 239-41; *see also, Banford v. State Farm Insurance Co.,* No. 18464, 2001 WL 703858 at *5 (Ohio Ct. App. June 22, 2001)(finding no error in the exclusion of evidence of "lost wages" where employer did not make disability payments or any other form of "benefits" payments, but instead continued to pay plaintiff's full salary for a full week of work). If Defendant wishes to introduce such payments by A.K. Steel into evidence, it is his burden to establish that the wages paid to Plaintiff were direct benefits for services performed by Plaintiff and, therefore, admissible on the issue of damages. *Pryor*, 263 N.E.2d at 239-40. Defendant, however, has offered no evidence of such at this point. Thus, evidence of payments for lost wages that were covered by Plaintiff's sick pay benefits through A.K. Steel are inadmissible as collateral source benefits. Moreover, as any Social Security benefits received by Plaintiff as a direct result of the injuries sustained in the subject accident are clearly collateral, evidence of such payments are likewise inadmissible. *See Sorrell*, 633 N.E.2d at 504.

For this reason, we find Defendant's argument with respect to any payment received by Plaintiff from either A.K. Steel or Social Security for lost wages as a direct result of the subject accident and resulting injury to be wholly without merit. Accordingly, Defendant's motion is denied and Plaintiff's motion is granted. Plaintiff is entitled to seek recovery for gross wage losses and Defendant is prohibited from introducing evidence of any collateral source identified herein or by previous order[2].

## IT IS THEREFORE ORDERED THAT

1) The Motion in Limine of Defendant Timothy L. Logan Sr., to Exclude Evidence of Plaintiffs' Gross Lost Wages (Doc. 34) be DENIED.

2) Plaintiff's Motion in Limine to Prohibit Reference to Collateral Source Payments (Doc. 43) be GRANTED.

3) Plaintiff is entitled to seek recovery for gross wage losses.

---

[2] Br previous Order, the Court denied Defendant's Motion in Limine to Exclude Evidence of Plaintiff's Gross Medical Expenses or in the Alternative, to Exclude Gross Medical Costs (*See* Doc. 59). The Court's decision herein applies with equal force to the exclusion of evidence of collateral source payments

3

4)     Defendant is prohibited from introducing evidence of any collateral source benefits, including payments made by Plaintiff's health insurance Blue Cross/Blue Shield, sick benefits received from A.K. Steel, Social Security or any other form of collateral source.

SO ORDERED.


Date:  12/18/2006           s/Timothy S. Hogan
                                                    Timothy S. Hogan
                                                    United States Magistrate Judge

J:\SMITHLE\Other civil\Queen\limine.wages.wpd