UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

William E. Queen, et. al.,
    Plaintiffs

vs                                          Case No. C-1-05-529
                                                 (Hogan, M.J.)

Timothy L. Logan, Sr., et. al.,
    Defendants

## ORDER

       This matter is before the Court on Plaintiff William Queen's Motion in Limine to Prohibit Evidence of the Traffic Citation, the Payment of the Traffic Citation, the Questions and Answers by and Between Trooper McElfresh and Plaintiff, and the Lack of Sounding Horn and Memorandum in Support (Doc. 42), Response of Defendant, Timothy Logan, Sr., to Plaintiff's Motion in Limine to Prohibit Evidence of the Traffic Citation, the Payment of the Traffic Citation, the Questions and Answers by and Between Trooper McElfresh and Plaintiff, and the Lack of Sounding Horn (Doc. 47), and Plaintiff's Reply thereto (Doc. 48).

       Plaintiff seeks to prevent Defendant from introducing into evidence or referencing the traffic citation or payment of the citation issued in reference to Plaintiff's failure to sound his horn prior to passing Defendant's vehicle. Plaintiff cites many reasons supporting the exclusion of the traffic citation and payment thereof, but we find most persuasive the fact that Plaintiff did not sign nor pay the citation. As such, no guilty plea was entered by Plaintiff and evidence to the contrary cannot be introduced under Fed. R. Evid. 410. *See Rhodes v. Curtis*, No. Civ. 04-476-P, 2006 U.S. Dist. LEXIS 27036 (E.D. Okla. April 12, 2006)(evidence of traffic citation is only admissible in a subsequent civil proceeding if the defendant voluntarily and knowingly entered a plea of guilty).

Plaintiff also seeks to exclude evidence of the questions and answers by and between himself and Trooper McElfresh relative to his failure to signal his intent to pass Defendant's vehicle. However, other than a passing reference in the caption of his motion, Plaintiff offers no argument or authority relative to such. Defendant, however, argues that the answers given to Trooper McElfresh by Plaintiff in the emergency room are admissible as party admissions. Fed. R. Evid. 801(d)(2). Specifically, Plaintiff made the following admissions in response to Trooper McElfresh's questioning:

> Q. What happened?
> A. I was coming up 50 East. A tractor was turning left and I hit his tire. I was
> going 52-55 mph. I was merging left to come around.
> Q. Are you sure you hit his tire or made contact w/ the tractor?
> A. Absolutely, I clipped it.
> Q. Do you know the speed limit?
> A. Its 55 mph.
> Q. Were there any malfunctions to your bike prior to crash?
> A. No.
> Q. Did you let the driver of the tractor know you were passing?
> A. No, I just came around, but I slowed down prior.
> Q. Were you wearing a helmet?
> A. No.

(Deposition of Jason L. McElfresh, Ex. A). Regardless of whether the issuance of a citation to Plaintiff based upon the above exchange was proper, Plaintiff's answers to such questions constitute his own statements to an investigating law enforcement officer and are admissible under Fed. R. Evid. 801(d)(2). *See U.S. v. Raymond*, 793 F.2d 928 (8th Cir. 1986); *see also Baker v. Elcona Homes Corp.*, 588 F.2d 551 (6th Cir. 1978)(finding that where questioning of plaintiff implied that his testimony in court differed from his earlier statement, it was proper to introduce his prior statement given to sergeant as showing that testimony at trial was consistent with prior statement and plaintiff's statement was not hearsay). For this reason, we find that Plaintiff's statement to Trooper McElfresh is admissible under Rule 801(d)(2).

Plaintiff in his Reply memorandum seems to suggest that Trooper McElfresh's handwritten questions and answers were not, in fact, the answers given by Plaintiff. To the extent Plaintiff claims that he made no such statements

2

to Trooper McElfresh, Plaintiff is free to offer such testimony either through cross-examination of Trooper McElfresh or Plaintiff's direct testimony.

## IT IS THEREFORE ORDERED THAT

1) Plaintiff William Queen's Motion in Limine to Prohibit Evidence of the Traffic Citation, the Payment of the Traffic Citation, the Questions and Answers by and Between Trooper McElfresh and Plaintiff, and the Lack of Sounding Horn and Memorandum in Support (Doc. 42) is GRANTED IN PART and DENIED in part in accordance with the decision herein.

SO ORDERED.


Date: 12/18/2006              s/Timothy S. Hogan
                              Timothy S. Hogan
                              United States Magistrate Judge


J:\SMITHLE\Other civil\Queen\limine.citation.wpd